UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>IGOR MOISEEV and<br>ALEXANDER GRINIS,<br><br>  Defendants. | CRIMINAL NO. 18CR10206-<br><br>**VIOLATIONS:**<br><br>18 U.S.C. § 1344 (Bank Fraud) [Cts. 1 & 2]<br>18 U.S.C. § 1014 (False Statement) [Ct. 3]<br>18 U.S.C. § 1028A (Agg. Identity Theft) [Ct. 4]<br>18 U.S.C. § 2 (Aiding & Abetting)<br><br>**FORFEITURE ALLEGATION**<br>18 U.S.C. § 982(a)(2) |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### General Allegations

At all times relevant to this Indictment:

1. Eastern Bank was a bank insured by the Federal Deposit Insurance Corporation ("FDIC") with offices located throughout the United States, including in the District of Massachusetts.

2. Defendant Igor Moiseev ("MOISEEV") was an individual who resided in Newton, Massachusetts.

3. Defendant Alexander Grinis ("GRINIS") was employed at Eastern Bank in Auburndale, MA, and served as its branch manager. Among GRINIS's duties and responsibilities as branch manager was to assist customers with opening and closing accounts, and applying for loans and lines of credit.

4. TFC Enterprises, LLC ("TFC") was a company incorporated in Massachusetts in or around July 2009 with its principal place of business located in Dedham, Massachusetts. The Massachusetts Secretary of State lists Victim #1 and individuals John Doe #1 and Jane Doe #2 as TFC's only managers and signatories.

5. Victim #1 was a real person known to the Grand Jury who resided in Massachusetts. Victim #1 was not a customer of Eastern Bank.

6. John Doe #1 was a real person known to the Grand Jury who resided in Belarus.

7. Jane Doe #2 was a real person known to the Grand Jury who resided in Massachusetts.

8. On February 15, 2015, at Eastern Bank in Auburndale, MA, GRINIS opened a business checking account ending in *1232 in the name of TFC Enterprises, LLC/John Doe #1 ("the TFC account"), and completed a Business Customer Profile Form for TFC wherein he certified that he had read and complied with the bank's policies with respect to New Account Opening, Customer Identification Program, Know Your Customer & Anti-Money Laundering.

9. On or about September 22, 2015, MOISEEV forged Victim #1's name to a signature card and opened a checking account in Victim #1's name. GRINIS assisted MOISEEV with opening these accounts. MOISEEV was not authorized by Victim #1 to open these accounts or sign Victim #1's name on any signature cards, loan documents, wire transfers or checks.

10. On or about October 9, 2015, MOISEEV added Victim #1's name as a signer on the TFC account.

11. On or about November 4, 2015, MOISEEV used Victim #1's driver's license and social security number to apply for a business-preferred line of credit in the amount of $50,000

for TFC with Victim #1 as the guarantor. MOISEEV forged Victim #1's signature to several documents connected with this line of credit. GRINIS assisted MOISEEV with the application and certified that he had read and complied with all of the bank's policies in connection with new account opening and customer identification procedures. The application was approved and the proceeds from the line of credit were transferred into the TFC account. The line of credit application was false and fraudulent in that it was not submitted by Victim #1.

12. On or about May 3, 2016, MOISEEV used Victim #1's driver's license and social security number to apply for a business-preferred loan in the amount of $50,000 for TFC with Victim #1 as the guarantor. MOISEEV forged Victim #1's signature to several documents connected with this loan. GRINIS assisted MOISEEV with the application and certified that he had read and complied with new account opening and customer identification procedures. The application was approved and the proceeds from the loan were transferred into the TFC account. The loan application was false and fraudulent in that it was not submitted by Victim #1.

13. From as early as November 2015 through July 2017, MOISEEV withdrew money from the TFC account and forged Victim #1's name to approximately twenty-one checks drawn on the TFC account, which MOISEEV then used for his own personal expenses.

14. On approximately ten occasions, between March 2016 and February 2017, with assistance from GRINIS, MOISEEV caused Eastern Bank to wire transfer money from the TFC account, in Victim #1's name, to Russia, Canada, and elsewhere overseas.

15. Neither loan was repaid and between October and December 2017, Eastern Bank charged off approximately $91,418.86 as a loss to Eastern Bank.

## The Scheme to Defraud

16. From at least as early as February 2015, and continuing through in or around December 2017, MOISEEV engaged in a scheme and artifice to defraud Eastern Bank and to obtain money, funds, and property of Eastern Bank by means of materially false and fraudulent pretenses and representations.

17. From at least as early as February 2015, and continuing through in or around December 2017, MOISEEV presented GRINIS with Victim #1's license and social security card, without the knowledge or consent of Victim #1, in order to open a checking and savings account in Victim 1's name, and thereafter added Victim #1 to the TFC account. Thereafter, MOISEEV forged Victim #1's name to applications for two purported business loans for TFC. On each loan application, GRINIS falsely certified that he had complied with all bank procedures and, as a result, the loans were approved. The proceeds of the two loans were subsequently distributed to the TFC account and MOISEEV forged Victim #1's name on checks, and withdrew money from the TFC account to pay for his own personal expenses. In addition, MOISEEV, with GRINIS's assistance, caused proceeds from the TFC account to be wire transferred to Russia, Canada, and elsewhere overseas using Victim #1's name.

## COUNT ONE
### (Bank Fraud - 18 U.S.C. § 1344)

18.     Paragraphs 1 through 17 are re-alleged in this count in their entirety and incorporated herein by reference.

19.     In or about November 2015, in the District of Massachusetts and elsewhere,

**IGOR MOISEEV,**

defendant herein, did knowingly execute a scheme and artifice to defraud Eastern Bank, a financial institution, and to obtain moneys, funds, and credits owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, to wit, by obtaining a false and fraudulent business line of credit in the amount of $50,000 from a financial institution, using the name and other identifying information of Victim #1, without the knowledge or permission of Victim #1.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO
### (Bank Fraud - 18 U.S.C. § 1344)

20. Paragraphs 1 through 17 are re-alleged in this count in their entirety and incorporated herein by reference.

21. In or about May 2016, in the District of Massachusetts and elsewhere,

**IGOR MOISEEV,**

defendant herein, did knowingly execute a scheme and artifice to defraud Eastern Bank, a financial institution, and to obtain moneys, funds, and credits owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises, to wit, by obtaining a false and fraudulent business loan in the amount of $50,000 from a financial institution, using the name and other identifying information of Victim #1, without the knowledge or permission of Victim #1.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE
**(False Statements on Loan Application - 18 U.S.C. § 1014)**

22.     Paragraphs 1 through 17 are re-alleged in this count in their entirety and incorporated herein by reference.

23.     In or about February 2015, in the District of Massachusetts and elsewhere,

**ALEXANDER GRINIS,**

defendant herein, knowingly made a false statement for the purpose of influencing the action of Eastern Bank, a financial institution, the accounts of which are insured by the Federal Deposit Insurance Corporation, in order to procure a false and fraudulent business line of credit, in that the defendant falsely stated, among other things, defendant had complied with Eastern Bank's customer identification policies, when in truth and in fact, as the defendant well knew, defendant had not complied with said bank policies.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT FOUR
### (Aggravated Identity Theft - 18 U.S.C. § 1028A)

24. Paragraphs 1 through 17 are re-alleged in this count in their entirety and incorporated herein by reference.

25. In or about November 2015, in the District of Massachusetts and elsewhere,

**IGOR MOISEEV,**

defendant herein, did, during and in relation to the felony violation of bank fraud, in violation of Title 18, United States Code, Section 1344, as alleged in Count One, knowingly use, without lawful authority, a means of identification of another person, to wit, the name of Victim #1.

All in violation of Title 18, United States Code, Section 1028A and 2.

## FORFEITURE ALLEGATION
## (18 U.S.C. § 982(a)(2))

26. Upon conviction of one or more of the offenses charged in Counts One through Four of the Indictment,

**IGOR MOISEEV and
ALEXANDER GRINIS,**

defendants herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation.

27. If any of the property described in paragraph 26 above, as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendants up to the value of the property in paragraph 26 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
LAURA J. KAPLAN
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS, June 27, 2018
Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

@ 1:00PM
6/27/18

10