UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
UNITED STATES OF AMERICA          )
                                                    )
          v.                                        )          Criminal Case No. 18-10206-NMG
                                                    )
ALEXANDER GRINIS,                     )
                                                    )
                    Defendant.                 )
_____)

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR MODIFICATION OF SENTENCE AND COMPASSIONATE RELEASE  WITH
HOME CONFINEMENT**

Defendant Alexander Grinis ("Grinis") moves this Court to "modify his sentence" and order him released immediately to home confinement until June 16, 2020 pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dtk. 157).  The Government submits this response to the defendant's motion.

As an initial matter, this Court lacks the authority to modify the sentence imposed.  The Court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).

Second, and the most compelling reason to deny defendant's motion, is that the defendant was in fact considered by BOP for release to home confinement pursuant to the Attorney General's initiative under 3624©(2) and the CARES Act, and approved for such release.  However, for the safety of the defendant and the public, BOP requires that before inmates may be released and have contact they be held in 14-day quarantine at FMC Devens.  This quarantine facility is different than isolation, which is reserved for instances where the facility has reason to believe an inmate may have or may have been exposed to COVID-19.  The undersigned Assistant U.S. Attorney has spoken with the legal staff at FMC Devens, where the defendant is housed, and has been advised that defendant was provided with this information and refused to quarantine.  He thereafter received a disciplinary infraction for his failure to cooperate with BOP.

In short, before the defendant should be released to a residency for home confinement, a period of quarantine should be employed to assure the safety of those in the residency. That quarantine is part of the BOP home confinement transfer initiative. The program for transferring appropriate inmates to home confinement for Grinis was completed and the defendant was scheduled for transfer to home confinement on May 5, 2020. However, because Grinis refused to quarantine, he may no longer be eligible for the BOP home confinement transfer initiative.

Finally, it must be remembered that defendant Grinis is being incarcerated at a full-component medical facility with 24 hour medical staff available to monitor the defendant and those around him and with medical facilities instantly available in the event COVID-19 exposure were to become known.

If, despite the current provision of medical care for the defendant, this Court were to take upon itself a decision to immediately order the defendant released to home confinement, this Court should at a minimum order the defendant held for 14-day quarantine somewhere under circumstances this Court can enforce for the safety of the defendant and the safety of those he may come into contact with in order to minimize the possibility of any spread of COVID-19 from the inmate to the public.

## <u>Conclusion</u>

For the reasons set forth above, this Court should deny defendant's motion for modification of sentence as being beyond this Court's authority to grant. Taken as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the motion should be denied on the basis that the defendant has failed to cooperate with BOP and their applicable procedures.

Respectfully submitted this 29th day of April, 2020.

ANDREW E. LELLING
United States Attorney

By: */s/ Laura J. Kaplan*
LAURA J. KAPLAN
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and an electronic copy will be sent by email to the Probation Officer.

*/s/ Laura J. Kaplan*
LAURA J. KAPLAN
Assistant U.S. Attorney